ALEXANDER F. BLISS, PLAINTIFF IN ERROR, v. THE BERGEN COUNTY TRACTION COMPANY, DEFENDANT IN ERROR.

Argued March 23, 1900—Decided June 18, 1900.

It is the province of the jury to pass upon testimony from which the negligence of the defendant may be inferred.

On error to the Supreme Court. This cause was tried at the April Term, 1899, of the Hudson Circuit Court, before Mr. Justice Lippincott and a jury. and a judgment of nonsuit ordered.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *Leon Abbett* and *James B. Vredenburgh.*

The opinion of the court was delivered by

GARRISON, J.   Error is assigned by the plaintiff to the nonsuit directed in the court below.

When this case was before this court upon a previous occasion, Judge Nixon, delivering the opinion of the court, said that the trial judge had not erred in refusing to direct a nonsuit at the close of the plaintiff's testimony. "There was," he said, "proof at that stage of the trial to show that the signals had misled the plaintiff below to his injury, and evidence had been given as to the possible existence of certain causes which may have led to the derangement of the signals and whether the conditions actually existed, and if existing, were sufficient to cause the accident, and if they were sufficient, then whether they were in any way chargeable to the negligence of the traction company, were questions already raised by the evidence, which was clearly the province of the jury to pass upon." The facts stated in that opinion and constituting the plaintiff's case are, to all intents, the same as those that appeared in the testimony now before us, and the language quoted so aptly and fully disposes of the present assignment that it may well be adopted without alteration in reversing the nonsuit that appears on this record.

*For affirmance*—None.

*For reversal*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   13.